UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYUDMILA K.,<br><br>               Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. 22-CV-5332-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.    ISSUES FOR REVIEW

A. Whether the ALJ Properly Assessed Plaintiff's Residual Functional Capacity

B. Whether the ALJ Erred at Step Five

## II.    BACKGROUND

On August 20, 2019 and September 16, 2019, plaintiff filed a Title II application for a period of disability insurance benefits "(DIB)" and Title XVI application for supplementary security income ("SSI"), respectively, alleging a disability onset date of August 2, 2018 on both applications. Administrative Record ("AR") 152, 178, 192, 285.

Plaintiff's applications were denied initially and on reconsideration. AR 162, 174, 190, 204. Administrative Law Judge ("ALJ") Elizabeth Watson held a hearing on March 8, 2021 and issued a decision on April 6, 2021 finding plaintiff was not disabled. AR 99–149.

Plaintiff seeks judicial review of the April 2021 decision. Dkt. 9

### III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.     DISCUSSION

In this case, the ALJ found that plaintiff had the following severe medically determinable impairments: fibromyalgia, degenerative joint disease of the right shoulder, and adjustment disorder, depressed mood. AR 104. Based on the limitations stemming from these impairments, the ALJ found she could perform light work except she is limited to certain exertional, postural and environmental limitations, and she is limited to "understanding and carrying out simple instructions consistent with reasoning level one or two." *See* AR 107.

Relying on vocational expert ("VE") testimony, the ALJ found at step four that Plaintiff could not perform her past relevant work, but could perform other light, unskilled

jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five plaintiff was not disabled. AR 116–18.

> A. <u>Whether the ALJ Erred in Assessing Plaintiff's RFC</u>

Plaintiff argues the ALJ erred in assessing her RFC because the ALJ (1) failed include all limitations in her RFC, and (2) erroneously determined her ability to understand and carry out simple instructions is consistent with a Reasoning Level One or Two. *See* Dkt. 9, pp. 3–10.

The ALJ is responsible for determining a plaintiff's RFC, which is the most a claimant can do despite existing limitations. 20 C.F.R. § 404.1545(a), 404.1546(c). 416.945(a). The RFC assessment must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). It need not directly correspond to a specific medical opinion but may incorporate the opinions by assessing RFC limitations entirely consistent with, even if not identical to, limitations assessed by the physician. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). But if the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *See* Social Security Ruling 96-8p.

In this case, the ALJ assessed that plaintiff has the RFC, in pertinent part, to perform light work but would be limited to "understanding and carrying out simple instructions consistent with reasoning level one or two." *See* AR 107. Plaintiff argues this RFC does not account for Dr. Price's opinion, which the ALJ credited. *See* AR 113, 846. The ALJ found persuasive Dr. Price's opinion that she "would likely be able to make simple decisions," but her RFC is absent of this limitation and instead states she

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 3

is able to carry out simple instructions. *See* Dkt. 9, pp. 3–6; AR 846. The ALJ was required to explain why the ability to make only simple decisions was not ultimately included in the RFC, despite giving credit to the medical opinion from which the limitation was derived. As the ALJ provides no such explanation here, the ALJ erred. Yet in this case, the error was ultimately harmless.

      An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id* at 1052, 1054*; see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988).

      Plaintiff argues that throughout the ALJ's decision, the ALJ repeatedly found that she was limited to performing simple routine tasks, but failed to include this in her RFC as well. *See* Dkt. 10, pp. 6–10. The ALJ seemed to have interpreted Dr. Price's opinion that plaintiff be limited to making simple decisions as the same as her ability to perform simple routine tasks. *See* AR 106 ("it was assessed … she would likely be able to make simple decision, meaning that she would be capable of simple routine tasks."); 116 ("other relevant evidence showed claimant … would likely be able to make simple decisions, meaning that the claimant would be limited to simple routine tasks"). But the ability to make simple decisions is not necessarily the same as the ability to complete simple tasks, so in omitting this limitation from her RFC without explanation, the ALJ erred.

The Commissioner argues the ALJ's erroneous discussion of plaintiff's RFC is harmless because the jobs the ALJ identified at step five are occupations that would not be outside of plaintiff's capacity, considering the limitations that plaintiff contends were omitted. *See* Dkt. 11, p. 3. Here, at step five of the sequential evaluation process, the ALJ, relying on the testimony of the VE, found plaintiff is able to do the jobs of a routing clerk, product assembler, and marker. *See* AR 117, 142–47. These positions are all unskilled work, which is defined as "work which needs *little or no judgment to do simple duties* that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568, 416.968 (emphasis added). In this case, the RFC does not include the appropriate limitations, yet the specific occupations identified by the ALJ are consistent with plaintiff's alleged limitations. Therefore, the Court finds this error harmless.

Plaintiff next argues that the ALJ erroneously assessed that she is able to understand and carry out "simple instructions consistent with reasoning level one or two," because the ability to follow simple instructions is only consistent with a Reasoning Level One. *See* Dkt. 9, pp. 10–12; AR 107.

But in *Ranstrom v. Colvin*, 622 F. App'x 687, 688 (9th Cir. 2015), the Ninth Circuit found in an unpublished opinion that "[t]here is no appreciable difference between the ability to make simple decisions based on 'short simple instructions and the ability to use commonsense understanding to carry out 'detailed *but uninvolved* ... instructions,' which is what Reasoning Level 2 requires." The Fourth, Eighth, and Eleventh Circuits have reached the same conclusion in published opinions. *Buckwalter v. Acting Commissioner of Social Security,* 5 F.4th 1315, 1321-1324 (11th Cir. 2021); *Lawrence v.*

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

*Saul,* 941 F.3d 140 (4th Cir. 2019); *Moore v. Astrue,* 623 F.3d 599 (8th Cir. 2010). In light of this persuasive federal appellate authority, the ALJ did not err in finding that plaintiff's ability to follow simple instruction is consistent with either Reasoning Level One or Two.

### B. Whether the ALJ Erred at Step Five

Finally, plaintiff argues the ALJ erred in finding that plaintiff is able to work as a routing clerk, product assembler, and marker at step five, because these findings were based the VE's testimony, which, in turn, was provided according to the ALJ's RFC assessment. *See* Dkt. 10, pp. 12–14; AR 142–47. But as stated above, these jobs involving making simple decisions and perform simple routine tasks, the limitations which were not included in her RFC. Thus, even though the VE testimony which the ALJ relied on was not based on an accurately phrased RFC, this error was not harmful to the ALJ's overall conclusion at step five.

### CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 15th day of November, 2022.

Theresa L. Fricke
United States Magistrate Judge